[Civ. No. 16287.   Second Dist., Div. One.   Oct. 14, 1948.]

SAM L. FINKELSTEIN, Appellant, v. ANNA FINKEL-STEIN, Respondent.

Robert H. Davis for Appellant.

Harold W. Kennedy and Robert L. Trapp for Respondent.

DORAN, J.—This is an appeal from the judgment.

The facts are not disputed. Plaintiff's action for divorce alleges that ''Said defendant is incurably insane, and has been confined to an institution under the provisions of Chapter I, Part I, Division 6, of the Welfare and Institutions Code of the State of California, since April 20, 1943, and continuously for more than three years preceding the filing of this action.''

Section 108 of the Civil Code provides in part as follows:

''A divorce may be granted on the grounds of incurable insanity only upon proof that the insane spouse has been confined to an institution under the provisions of Chapter 1, Part 1, Division 6 of the Welfare and Institutions Code . . . for a period of at least three continuous years immediately preceding the filing of the action.''

The court found for defendant; appellant argues that ''the trial court erred in decreeing that the defendant had not been confined in an institution, . . . for a period of at

least three continuous years immediately preceding the filing of this action.''

As recited in appellant's brief, it appears from the record that defendant was committed to the Camarillo State Hospital on ''April 20, 1943, and has been under the custody, care, jurisdiction, supervision and control of the above named institution continuously since that date; that thereafter, on the 21st day of July, 1943, the defendant was paroled to her husband, the plaintiff; and that thereafter the defendant was recommitted to Camarillo State Hospital on December 23, 1943.

''That since December 23, 1943, the plaintiff gave no one direct or indirect authority to remove said defendant from the State Hospital at Camarillo; but that thereafter, on May 4, 1944, the record will also disclose that defendant was paroled to her mother, Mrs. Yetta Cohen, to be cared for at Mrs. Cohen's home, and was returned to Camarillo State Hospital on May 22, 1944; that thereafter, on October 8, 1945, without the permission, consent or authority of the plaintiff, the defendant was paroled to the custody of the authorities of Santa Monica Rest Home, 2828 Pico Boulevard, Santa Monica, California. That at that time she was unimproved mentally, and supervision equivalent to that she was receiving in the hospital was promised. That thereafter on December 10, 1945, arrangements were made for the transfer of defendant to the custody of her mother, the hospital being assured that adequate care and supervision would be provided in the mother's home. That the parole was changed December 11, 1945, to defendant's mother; and that on April 2, 1946, the defendant was returned to the Camarillo State Hospital. That this release and parole were without the knowledge or authority of the plaintiff.'' Appellant argues that, ''defendant has been continuously under the custody, care, jurisdiction, supervision and control of the proper authorities'' as the law herein cited provides.

Respondent contends that the confinement referred to in the law ''must be in an institution of a public nature, or at the very least a private agency licensed by the state to receive and care for the insane'' and that ''a private home such as that of defendant's mother'' is not such an ''institution within the meaning of Civil Code, section 108.''

It may be noted at the outset that whether plaintiff had any knowledge of defendant's removal from the Camarillo State Hospital or had consented thereto is beside the issue.

There is but one question involved, namely, was defendant "confined to an institution . . . for a period of at least three continuous years" as the law quoted above provides. If the "private home" of defendant's mother is not "an institution" within the meaning and application of the law, then respondent must prevail.

As noted above, section 108 of the Civil Code provides that a divorce, in the circumstances here presented, may be granted "*only*" upon proof of confinement to an institution under the provisions as above noted of the Welfare and Institutions Code. Section 5699 of that code is as follows:

"As used in this part, 'establishment' and 'institution' include every hospital, sanitarium, home, or other place receiving or caring for any insane, alleged insane, mentally ill, or other incompetent person referred to in this division."

Obviously the above definition limits the meaning of the word "home" as used in section 108 of the Civil Code; it cannot be considered and applied in its general sense and according to its usual acceptation. The word "home," as the definition clearly indicates, does not include a private home but contemplates something entirely different but in connection with which the word "home" is frequently used, for example, children's home, soldiers' home; and many other examples that are at once suggested. Appellant's contention, therefore, cannot be upheld. The evidence supports the findings.

For the foregoing reasons the judgment is affirmed.

York, P. J., and White, J., concurred.